UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRISTIAN ERNESTO QUEVEDO-
PALOMINO,

        Case No. 2:26-cv-11389

        Petitioner,

        HONORABLE STEPHEN J. MURPHY, III

v.

WARDEN, CALHOUN
CORRECTIONAL FACILITY,

        Respondent.

_____/

**ORDER DISMISSING PETITION
AND DENYING MOTIONS AS MOOT [2, 3, 4]**

"For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (per curiam) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). Cristian Ernesto Quevedo-Palomino is confined at the Calhoun County Correctional Facility in Calhoun County in the Western District of Michigan. *See* ECF No. 1, PageID.1; 28 U.S.C. § 102(b)(1). He seeks release from custody or, alternatively, an expedited bond hearing. *See* ECF No. 1, PageID.7. But he filed the instant habeas petition in the Eastern District of Michigan. Because venue is improper in the Eastern District, the Court will dismiss the petition. *See Quintero-Martinez v. Raycraft*, Case No. 2:25-cv-13536, ECF No. 9, PageID.151 (E.D. Mich. Nov. 19, 2025) (Murphy, C.J.) (transferring a similar petition).

1

The district-of-confinement rule has a long history. In *Ahrens v. Clark*, 335 U.S. 188 (1948), the Supreme Court addressed whether 120 German nationals detained at Ellis Island could seek habeas relief in the District Court for the District of Columbia. *Id.* at 189. The Court said no and held that district courts' statutory authority to grant habeas relief is limited to "petitioners who are confined or detained within the territorial jurisdiction of the court." *Id.* at 192. Years later, the Supreme Court limited the "inflexible jurisdictional rule" of *Ahrens*. *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 500 (1973). Still, under the facts in *Ahrens*, the *Braden* Court noted that "traditional principles of venue would have mandated the bringing of the action in the Eastern District of New York, rather than the District of Columbia." *Id.* And even though *Braden* overturned parts of *Ahrens*, the Supreme Court has consistently reaffirmed the district-of-confinement rule for cases challenging present physical confinement. *See Padilla*, 542 U.S. at 444; *J.G.G.*, 604 U.S. at 672.

Today, the district-of-confinement rule is not jurisdictional in the usual sense. Rather, "the question of the proper location for a habeas petition is best understood as a question of personal jurisdiction or venue." *Padilla*, 542 U.S. at 451 (Kennedy, J., concurring); *see also J.G.G.*, 604 U.S. at 672 (holding that venue is improper outside the district of confinement). Courts have thus transferred habeas cases *sua sponte* under 28 U.S.C. § 1406(a). *See, e.g., Johnson v. Wrenn*, Case No. 2:25-cv-02545, Doc. 4, PageID.29 (W.D. Tenn. June 2, 2025) (Lipman, C.J.); *Edmond v. Rewerts*, No. 2:21-cv-12178, 2021 WL 4355163, at *1 (E.D. Mich. Sept. 23, 2021).

Here, because Quevedo-Palomino's petition violates the district of confinement rule, the Court must raise the issue of venue. Quevedo-Palomino challenged his present physical confinement, a core habeas petition. *See* ECF No. 1, PageID.6 (asserting that Petitioner "is now being detained in immigration custody" and that his detention is "without lawful justification"); *see also Padilla*, 542 U.S. at 443 (2004) (defining core petitions as those "challenging present physical confinement"); *Aguilar v. Dunbar*, Case No. 2:25-cv-12831, ECF No. 20, PageID.237–238 (E.D. Mich. Nov. 13, 2025) (White, J.) (finding that a similar challenge to detention under § 1555(b)(e) was a core habeas challenge). Because of cases like *J.G.G.* and *Padilla*, habeas petitions can only be filed in a single district at any given time. For Quevedo-Palomino, that district was the Western District of Michigan on April 28, 2026. *See* ECF No. 1; *see generally Khalil v. Joyce*, 771 F. Supp. 3d 268 (S.D.N.Y. 2025) (explaining why the district of confinement at the time of filing determines venue); *Khalil v. President*, 164 F.4th 259 (3d Cir. 2026) (same).

Accordingly, the petition violates the immediate-custodian rule. Though it may have some exceptions, *see Padilla*, 542 U.S. at 454 (Kennedy, J., concurring), none apply here. And because "jurisdiction lies in only one district: the district of confinement," *J.G.G.*, 604 U.S. at 672, venue is improper in the Eastern District.

If a court concludes that venue is improper, it has two options. 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been

3

brought." The decision to dismiss or transfer is within the Court's discretion. *See Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 533 (6th Cir. 2002); *but see also Jackson v. L&F Martin Landscape*, 421 F. App'x 482, 484 (6th Cir. 2009) (holding that the district court abused its discretion by failing to consider whether transfer was in the interest of justice). Here, the interest of justice does not require transfer. The case was filed recently, *see* ECF No. 1, and Petitioner may refile his petition in the Western District.

**WHEREFORE**, it is hereby **ORDERED** that the petition is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the pending motions [2, 3, 4] are **DENIED AS MOOT**.

This is a final order that closes the case

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 11, 2026

4